UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


TERESA J. McMICHAEL,

        Plaintiff,

     v.                                    Civil No. 09-840-HA

                                          OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

HAGGERTY, District Judge:

      Plaintiff Teresa J. McMichael seeks judicial review of a final decision by the

Commissioner of the Social Security Administration denying her applications for Disability

Insurance Benefits (DIB) and Supplemental Security Income (SSI).  This court has jurisdiction

to review the Commissioner's decision under 42 U.S.C. § 405(g).  For the following reasons, the

Commissioner's decision is reversed and remanded for further proceedings.


1- OPINION AND ORDER

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). Additionally, for the purposes of DIB, a plaintiff has the burden of proving disability prior to the termination of his or her insured status. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings). The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

2- OPINION AND ORDER

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

3- OPINION AND ORDER

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720.

4- OPINION AND ORDER

## FACTS

The relevant facts, which are drawn from the extensive administrative record and the ALJ's decision, are summarized here.  Plaintiff was forty-four years old at the alleged disability onset date and was forty-nine years old at the time of the ALJ's decision.  Plaintiff has a college education and past relevant work experience as a computer programmer analyst.

Plaintiff protectively applied for SSI and DIB on June 27, 2005, and again for DIB on March 8, 2006, alleging disability from impairments including: fibromyalgia/myofascial syndrome, depression, shoulder problems, degenerative disc disease, migraine headaches, colitis, a pain disorder, and a torn labrum.  The applications were denied initially and upon reconsideration.  The ALJ conducted a hearing on October 20, 2008, at which he heard testimony from plaintiff, who was represented by counsel, and a vocational expert (VE).

On January 26, 2009, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act.  The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.  Plaintiff subsequently initiated this action.

## SUMMARY OF ALJ'S FINDING

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged disability onset date.  Tr. 18, Finding 2.[1]

At step two, the ALJ found that plaintiff has the following medically determinable severe impairments: right hip torn labrum, obesity, depression, and a pain disorder with both psychological and general medical conditions.  Tr. 18, Finding 3.

---

[1] Tr. refers to the Transcript of the Administrative Record.

At step three, the ALJ found that plaintiff's impairments, singly or in combination, did not meet or equal the requirements of any listed impairment.  Tr. 20, Finding 4.

The ALJ determined that plaintiff has the RFC to "perform sedentary work as defined in 20 C.F.R. 404.1567(a) except she cannot sit for prolonged periods, *i.e.* greater than one hour at a time." Tr. 21, Finding 5.  The ALJ determined that plaintiff can lift ten pounds at a time, cannot repeatedly stoop, bend, or squat, and cannot walk for long distances.  *Id*.  Due to the combination of her medications and mental impairments, the ALJ found that plaintiff is limited to unskilled or semi-skilled work.  *Id*.

At step four, the ALJ found that plaintiff is unable to perform her past relevant work experience as a computer programmer analyst.  Tr. 26, Finding 6.

At step five, the ALJ, after consulting with the VE, found that there are jobs that exist in significant numbers in the national economy that plaintiff could perform.  Tr. 26, Finding 10.

**DISCUSSION**

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits due to a number of alleged errors including: (1) failing to present a proper hypothetical to the VE, (2) creating an incomplete RFC, (3) improperly assessing lay witness testimony, (4) failing to consider plaintiff's impairments in combination, and (5) relying on erroneous standards.

**1.    VE Testimony**

Plaintiff argues that the ALJ erred in failing to present a proper hypothetical question to the VE.  During the hearing, the ALJ first asked the VE to consider a hypothetical claimant who "should not be required to sit for prolonged periods of time or do any heavy or repeated lifting, or repeated stooping, bending, squatting, or walking for long distances." Tr.  53.  The ALJ

6- OPINION AND ORDER

acknowledged that "some of those terms are somewhat open to interpretation," and that the VE should ask questions for clarification if needed. *Id*. The VE asked no followup questions. The VE testified that a person with such limitations could perform plaintiff's past relevant work. Tr. 54. The ALJ then added a limitation restricting the hypothetical person to semi-skilled work, and the VE testified that such a person could not perform plaintiff's past relevant work, but could perform a number of jobs that exist in significant numbers in the national economy. Tr. 54-55. The VE testified that the jobs identified would require a person to be able to sit for at least an hour. Tr. 55.

Instead of posing a second hypothetical question to the VE, the ALJ handed the VE a physical capacity evaluation "that was done by – probably an occupational therapist it looks like [sic] or physical therapist, in 2006." Tr. 56. The VE was asked to "do a quick perusal of it" and then consider whether a hypothetical claimant with the limitations described in the evaluation form could perform work. Tr. 57. The discussion that followed was confusing as the VE attempted to parse the evaluation form and, presumably, formulate an RFC on her own. Tr. 58 (the VE noted that "the standing tolerance is constant, so that is confusing to me, but – I guess they could stand all day"). In the end, it is unclear whether the VE testified that the hypothetical person described in the unidentified physical capacity evaluation form[2] could perform work in the national economy.

As noted above, once a claimant shows that she cannot perform past relevant work, the burden shifts to the Commissioner to show that the claimant can engage in SGA. The

_____

[2] The Commissioner purports to identify the form that the VE was reviewed. The fact that the Commissioner may have identified the correct form fails to salvage the ALJ's questioning of the VE.

7- OPINION AND ORDER

Commissioner "can meet this burden by propounding to a vocational expert a hypothetical question that reflects all the claimant's limitations." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995). The ALJ must then determine whether the claimant can find work in the national economy. The ALJ's determination must be supported by substantial evidence. *Tackett*, 180 F.3d at 1097.

The VE testimony here does constitute substantial evidence. The first question posed to the VE was fatally ambiguous. It did not specify how long the hypothetical person could sit (a matter of importance in this case) and it is unclear whether the jobs identified would accommodate a person who can only sit for a maximum of one hour at a time. The VE testified that the jobs would require a person to sit for at least an hour. The second line of questions (based on the VE's reading of medical records) arose after the ALJ abdicated his responsibility to create an RFC. Moreover, it is unclear whether the VE identified jobs plaintiff could perform in response to the ALJ's second line of questioning.

**2.      Plaintiff's RFC**

Plaintiff asserts the ALJ erred in evaluating her RFC by failing to include a sit/stand option, flexible scheduling, or her need for breaks after one hour. This court finds the ALJ's RFC to be ambiguous. The RFC should have included either a sit/stand option, or an opportunity for flexible scheduling.

**3.      Lay Testimony**

Plaintiff asserts that the ALJ improperly rejected the lay witness testimony presented by plaintiff's friend David Vaught-Alexander. Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account" unless the ALJ "expressly determines to disregard such testimony and give reasons germane to each witness for doing so." *Lewis v.*

*Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  An ALJ must offer "arguably germane reasons for dismissing" lay testimony, but need not "clearly link his determination to those reasons." *Id*. at 512.

The ALJ found the lay witness testimony to be of limited value because "Mr. Vaught-Alexander is not knowledgeable in the medical and/or vocational fields and thus is unable to provide an objective critical assessment on how the claimant's impairments affect her overall abilities to perform basic work activities at various exertional levels." Tr. 24.  Lay witnesses are by their very definition not medical or vocational experts, and lack the expertise to provide "objective critical assessments."  Nevertheless, a lay witness's testimony is competent evidence that the ALJ must consider.  *Lewis*, 236 F.3d at 511.  Lay witness testimony is valuable because lay witnesses are in a position to observe a claimant regularly and provide insight into how the claimant's impairments affect activities of daily living.  The ALJ failed to present a germane reason for discrediting Mr. Vaught-Alexander's testimony.

This court has reviewed plaintiff's remaining arguments and finds the remainder of the ALJ's decision to be free of error.  A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits.  *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  The decision whether to remand for further proceedings turns upon the likely utility of such proceedings.  *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).  In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made.

Upon remand, the ALJ shall reformulate plaintiff's RFC in accordance with the guidance above and shall question a VE in conformity with the newly constituted RFC.  Additionally, the ALJ shall reconsider Mr. Vaught-Alexander's written testimony.

9- OPINION AND ORDER

**CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner denying Teresa J. McMichael's application for disability benefits must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

DATED this  27  day of August, 2010.

                         /s/  Ancer L. Haggerty
                             Ancer L. Haggerty
                     United States District Judge